SAMUEL SMITH & al. *Appellants vs.* MARCIA DUTTON,
*Administratrix.*

The Judge of Probate in proper cases may open an administration account, once settled, for the purpose of correcting mistakes or errors; but when public notice has been duly given prior to the decree allowing the account, and where the settlement of the account has come to the actual knowledge of the applicant in season to appeal from the decree, and where it has not been made manifestly to appear, that justice requires it, the Court will decline to open the account for re-examination.

The statute has fixed no direct limitation within which license may be granted to an administrator to sell real estate; but in consequence of the limitation of suits against administrators to four years from the time of accepting the trust, if notice be given in manner provided by law, the Courts *generally*, but not under all circumstances, refuse to grant license, unless application be made within a reasonable time after the termination of the four years.

The purchaser of real estate of the heirs at law of an intestate before the expiration of four years from the time of taking out administration, will be regarded as equitably taking the place of the heirs.

APPEAL from a decree of the Judge of Probate. On *June* 30, 1837, *S. & E. Smith,* the appellants, presented their petition to the Judge of Probate, representing that *Marcia Dutton,* the Administratrix of *Samuel E. Dutton,* deceased, in her account of administration, allowed by the Judge of Probate in *April* of the same year, had charged, and was allowed, several items, *which the* petitioners averred had not been paid by said *Marcia,* and ought not to be allowed in her said account, nor is the estate legally chargeable with it. A copy of the items objected to follows.

"1834, *Nov.* 26, Paid *Jonathan Avery,* per *Geo. Star-*
*ret,* for balance due on mortgage $\left.\right\}$ 747,86
of farm, by hand of *S. P. D.*

1837, *March* 28, Due *William Coggswell,* allowed by
Comm'rs *Oct.* 31, 1832, judg't, 164,11
Sum total of interest on sums previously
paid from the time of payment re-
spectively to *March* 31, 1837, 332,21
2½ per ct. on moneys paid out, $1996,58, 49,91
⅜ making fences and clearing land in *Le-*
*vant,* in 1833, 40,00

Improvements laid out on ⅔ of farm, 1833, 100,00
" " " 1834, 200,00
" " " 1835, 203,32

" The improvements consist of a house and large barn, fences and clearing land on farm."

They also alleged, that the administratrix in that account had credited only the sum of $573,32 for two thirds of the rent of farms, houses and lands belonging to the estate, when she should have credited a much larger amount. On this petition the Judge of Probate issued a notice to the administratrix to show cause why the prayer of the petition should not be granted. On *Dec.* 27, 1837, the petitioners and the administratrix were finally heard before the Judge of Probate, who thereupon decreed, " that the complainants have no legal right to disturb the said *Marcia's* account of administration, touching any charges made prior to *Nov.* 27, 1835, the date of said complainants' deed, and that inasmuch as the income of the real estate under administration subsequent to that time exceeds the interest charged since the same date, and no error in said account having been proved, the Court further decree, that said complaint be dismissed." From this decree the complainants appealed. The reasons were, 1. Because the Judge has not nor ever had jurisdiction respecting said *S. E. Dutton's* estate, nor any authority by law to make any order or decree thereon, or to appoint any administratrix thereon. No reason why, is given. 2. Because the Judge of Probate allowed the following improper and unfounded charges, being the same items named in the petition. 3. Because the Judge of Probate allowed the whole of the account of the administratrix, when divers large sums contained therein should not have been allowed.

On *Dec.* 27, 1837, the Judge of Probate granted a license to the administratrix to sell so much of the real estate of the intestate as would pay the sum of $2360. From this decree *S. & E. Smith* appealed. The three first reasons of appeal were substantially the same as the reasons of appeal from the decree refusing to require the administratrix to correct the former account. 4. Because said Judge granted license to sell said estate after more than four years had elapsed between the time of granting letters of administration, and the time of presenting the account for allowance,

and because all right for said administratrix to sell said estate, or to have license, had expired by lapse of time before the granting of said license by the Judge.

Several of the papers laid before the Court were original papers, and were returned. The Reporter has no means of ascertaining the other facts, but believes they sufficiently appear in the opinion of the Court.

The arguments were in writing, by *T. McGaw,* for the appellants, and by *J. Godfrey,* for the administratrix.

For the *appellants,* it was contended : —

1. The first reason of appeal is grounded on the fact, that the Judge of Probate was a creditor of the estate of *S. E. Dutton. Stat.* 1821, *c.* 51, *sec.* 2 ; *Cottle, Appellant,* 5 *Pick.* 483.

2. The counsel went into an extended argument, to show that the decision of the Judge of Probate was erroneous for the cause set forth in the second reason for the appeal ; and to show that an account settled before a Judge of Probate may be opened for the purpose of correcting errors, cited *Stetson* v. *Bass,* 9 *Pick.* 27. To show that an administrator may not charge interest. *Storer* v. *Storer,* 9 *Mass. R.* 37. Real estate is not liable to be sold to pay expenses of administration after four years has elapsed. *Nowell* v. *Nowell,* 8 *Greenl.* 226. The *stat.* 1821, *c.* 52, gives authority to sell only so much of the real estate as may be necessary to pay the "just debts of the deceased with charges incidental to the sale and charges of administration." These improvements were never debts of the deceased, and do not fall under either of the other two clauses. *Dean* v. *Dean,* 3 *Mass. R.* 258. The administratrix is not authorized to pay mortgages after four years have elapsed, unless judgment has been recovered against the estate. *Scott* v. *Hancock,* 13 *Mass. R.* 167 ; *Gibson* v. *Crehore,* 5 *Pick.* 146 ; *Ex parte Allen,* 15 *Mass. R.* 62.

3. To show that the third reason was well founded he cited *Drinkwater* v. *Drinkwater,* 4 *Mass. R.* 354.

4. And to show that the fourth reason contained sufficient cause to sustain the appeal, *Ex parte Allen,* 15 *Mass. R.* 62 ; *Scott* v. *Hancock,* 13 *Mass. R.* 162 ; *Thompson* v. *Brown,* 16 *Mass. R.* 172 ; *Richmond, pet.* 2 *Pick.* 567 ; *Heath* v. *Wells,* 5 *Pick.* 143 ;

*Nowell* v. *Nowell,* 8 *Greenl.* 220; *Hartwell* v. *Root,* 19 *Johns. R.* 345.

For the *Administratrix* it was contended : —

The appellants had no such interest in the estate as would enable them to appeal. *Swan* v. *Piquet,* 3 *Pick.* 443; *Penniman* v. *French,* 2 *Mass. R.* 140. The counsel examined the argument for the appellants and the authorities cited, and argued that the appeal could not be sustained for either of the reasons assigned; and cited *Hudson* v. *Hulbert,* 15 *Pick.* 426; *Nowell* v. *Nowell,* 8 *Greenl.* 225; *Heath* v. *Wells,* 5 *Pick.* 143; *Saxton* v. *Chamberlain,* 6 *Pick.* 222; *Richmond, pet.* 2 *Pick.* 567; *Jennison* v. *Hapgood,* 10 *Pick.* 79.

The opinion of the Court was prepared by

WESTON C. J. — The first reason of appeal is expressly removed by *stat.* of 1822, *c.* 198, the interest of the Judge as creditor, being less than one hundred dollars.

The petition, marked B, was an application, in *June,* 1837, to the discretion of the Court, to open the account of the administratrix on the estate of *Samuel E. Dutton,* deceased, which had been settled the preceding *April.* That account was presented in *Jan.* 1837, and notice to all concerned, was given in a newspaper at *Bangor,* appointing the last *Tuesday* of *April* following, for the examination of the same, at which time it was examined and allowed. The Judge upon the petition of the appellants, not being satisfied that any error existed, declined to open the account. We have no doubt the Judge might have done so, for the purpose of correcting a manifest mistake. *Stetson* v. *Bass,* 9 *Pick.* 27. But upon an examination of the case, we perceive no sufficient reason for reversing his decree, upon this point. The estate of the deceased was rendered more valuable, by the extinguishment of the mortgage, with which it was charged. As the estate was solvent, the creditors were entitled to be paid, principle and interest, and the administratrix would equitably stand, by substitution, in their place. So with regard to the improvements on the estate, they added to its permanent value; and as this expenditure exceeded very little, if at all, the rents and profits, we are not prepared to determine, that there is such a manifest error in its allowance,

or in the commission allowed in the payments and disbursements, as requires that the accounts should be opened. But the reason decisive with us, for declining to reverse the decree is, that ample and public notice was given, prior to the allowance of the account; and it has not been made to appear to the Court below, or to this Court, that justice requires, that it should be again opened. *Samuel Smith*, one of the appellants, states in his affidavit, that the first notice he had, that his interest was liable to be affected, was upon publication of notice of the petition of the administratrix to sell the real estate of the deceased. As this notice was given in a public newspaper, as ordered, between the last *Tuesday* of *April*, and the last *Tuesday* of *May*, the allowance of the account in *April*, upon which that petition was based, must have come to his knowledge before the expiration of thirty days, and in season for him to have claimed an appeal, if by law he was entitled to interpose; and this is another reason, why that allowance should not now be disturbed.

Regarding the allowance of the account as settled by the decree of *April*, 1837, the principal remaining objection is, to the license, granted to the administratrix to sell a portion of the real estate of her intestate, upon the ground, that, at that period it was not liable to be sold; especially after a large portion of it had been alienated by the heirs. The statute has fixed no direct limitation, within which such license must be granted. But it has provided, *that no executor or administrator shall be held to answer to any suit, that shall be commenced against him in that capacity, for more than four years after his acceptance of the trust; provided he shall give public notice of his appointment, in the manner provided by law.* *Statute of* 1821, *c.* 52, § 26. In consequence of this limitation, the Courts have in their discretion, with certain exceptions depending on peculiar circumstances, refused to grant such license, unless application for it is made, within a reasonable time after the termination of the four years. *Nowell* v. *Nowell*, 8 *Greenl.* 220; *Nowell* v. *Bragdon*, 14 *Maine R.* 320, *and the cases there cited.*

It appears, that the administratrix was appointed on the twenty-eighth of *June*, 1831. When she accepted the trust, or when, if ever, she gave public notice of her appointment, does not distinctly appear. *James B. Fiske* deposes, that prior to his appointment of

commissioner on the same estate, which was on the twentieth of *June*, 1832, he saw posted in a public place, a notice in the usual form, having the signature of *Marcia Dutton*, as administratrix. Assuming that this is competent and sufficient evidence, that she gave notice of her appointment, in the mode prescribed by law, it cannot be referred with certainty to a period earlier, than at or about the time stated by the deponent. If so, the four years expired in *June*, 1836. It must be borne in mind, that our statute, unlike that of *Massachusetts*, subjects the real estate to be sold, if necessary, to defray the charges of administration. In *January*, 1837, seven months after the expiration of the four years, the administratrix presented her final account for examination. An application to sell the real estate followed, immediately upon the allowance of the account, which was passed upon, as soon as due notice could be given to all concerned.

The license was opposed by the appellants; but was finally granted in *December*, 1837. It does not appear, that the administratrix had been hastened in her movements by the Judge, or by any person or persons, interested in the settlement of the estate. A portion of it at least was under her charge and management, from which she received rents and profits, which were principally applied to improvements. The Judge of Probate, who may be presumed to have become well acquainted with the nature and condition of the estate, in taking cognizance of the discharge of the duties of a trust emanating from himself, was satisfied, that the application for a license was made within a reasonable time. And this Court perceives nothing in the case, which ought to lead them to a different conclusion. When the appellants purchased of some of the heirs a large portion of the estate, in *November*, 1835, if well advised, they must have been aware, that it was liable to be sold, upon the final settlement of the estate, unless that settlement was unreasonably delayed. It cannot be pretended, that upon the principles, which have governed the Courts, the lien upon the estate had then been dissolved. Purchasing at that early period, they may well be regarded, as equitably taking the place of the heirs.

*The decree of the Court below is, in both cases affirmed.*